## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**A.M., on behalf of her minor child F.M.,**

      **Plaintiffs,**

      **vs.**                                              **Civ. No. 12-74 RCB/ACT**

**SUSAN LABARGE, Principal,**
**ARTHUR ACOSTA, City of Albuquerque**
**Police Officer, MARGARET**
**MINES-HORNBECK, Teacher,**
**each in their individual capacities,**

      **Defendants**.

## ORDER

**THIS MATTER** comes before the Court on Plaintiff's Rule 56(D) Motion for Discovery [Doc. No. 32], filed on October 16, 2012 ("Motion"). Defendants Labarge and Mine-Hornbeck filed their Amended Response [Doc. No. 36] on November 5, 2012 ("Response.") Plaintiff did not file a Reply.

The Court, having considered the parties' filings, the relevant law, and otherwise being fully advised in the premises, DENIES Plaintiff's Motion.

## PROCEDURAL AND FACTUAL BACKGROUND

On November 30, 2011, Plaintiff A.M., on behalf of her minor child F.M., filed a Complaint for Recovery of Damages Due to Deprivation of Civil Rights [Doc. No. 1-1], in the Second Judicial District Court, Bernalillo County, New Mexico ("Complaint"). On January 24, 2012, Defendants Susan Labarge and Margaret Mines-Hornbeck ("APS Defendants") filed a Notice of Removal to the United States District Court for the District of New Mexico stating the "action involved a federal question . . . over which this Court has original jurisdiction under 28.

U.S.C. § 1331." [Doc. No. 1 at ¶ 3.]  All Defendants consented to the removal of this action. [Id.
at ¶ 4.] The APS Defendants filed their Answer [Doc. No. 3] on January 24, 2012.

The factual basis of Plaintiff's Complaint involves two events that occurred while F.M.
was a student Cleveland Middle School.  The first incident occurred on May 18, 2011.  On
May 19, 2011, Defendant Mines-Hornbeck, F.M.'s physical education teacher, called for
assistance to her class reporting that F.M. was being disruptive by burping. [Complaint at ¶¶ 13,
16; Doc. No. 29 at ¶¶ 4, 5, 7.] Defendant City of Albuquerque Officer A. Acosta responded to
Defendant Mines-Hornbeck's call. [Complaint at ¶ 15; Doc. No. 29 at ¶ 5.]  F.M. was
subsequently placed under arrest, handcuffed, and transported to the Juvenile Detention Center.
[Complaint at ¶ 18 Doc. No. 29 at ¶¶ 6, 14.] Before transporting F.M. to the Juvenile Detention
Center, Defendant Labarge (Cleveland Middle School's Principal) provided F.M. a copy of the
Cleveland Middle School Discipline Referral indicating that F.M. was being suspended from
school for one day. [Complaint at ¶ 26; Doc. No. 29, ¶¶ 12, 13.]

The second incident occurred on November 8, 2011.  On November 8, 2011, Defendant
Labarge called F.M. into her office in connection with a potential drug transaction that had been
reported to have occurred at the school earlier that day. [Complaint at ¶ 39; Doc. No. 29, ¶ 22.]
Defendant Labarge asked Defendant Acosta to obtain the security video footage of the incident.
[Doc. No. 29, ¶ 21.]  Defendant Labarge recognized F.M. on the security video footage she
reviewed in connection to the incident. [Complaint at ¶ 42; Doc. No. 29, ¶¶ 21-22.] F.M. was
subsequently searched and  found to be in possession of $200, a red bandana, and a marijuana
leaf belt buckle. [Complaint at ¶¶ 45-51; Doc. No. 29, ¶¶ 29, 20.] F.M.'s mother, A.M.,
corroborated F.M.'s explanation regarding why he had $200 in his possession; however, F.M.

was given a three-day in-school suspension as the result of his possession of the red bandana.

[Complaint at ¶ 54;  Doc. No. 29, ¶¶31, 32.]

On September 21, 2012, the APS Defendants filed a Motion for Summary on the

Grounds of Qualified Immunity.  [Doc. No. 29.] On October 11, 2012, the APS Defendants filed

an Unopposed Motion for a Discovery Stay Pending Resolution of Qualified Immunity Issues.

[Doc. No. 30.] On October 11, 2012, the Court entered a Stipulated Order Granting Defendants

Labarge and Mines-Hornbeck's Unopposed Motion for a Discovery Stay Pending Resolution of

Qualified Immunity Issues ("Stipulated Order").  [Doc. No. 31.] However, the Court's Stipulated

Order allowed for limited discovery as follows:

> The Court further finds that the parties have stipulated to the following limited
> discovery despite the stay (1) deposition of Defendant Labarge on the issues relevant
> to the qualified immunity motion; (2) production of Defendant Acosta of the lapel
> camera video of the November 8, 2011 incident involving F.M. and any events or
> conversations on the lapel camera video related thereto; and (3) Defendant Labarge
> will produce a copy of any non-privileged, internal reports or e-mails related to the
> May 19, 2011, and November 8, 2011, incidents involving F.M.

[Doc. No. 31 at 1.]

Plaintiff's Motion is seeking to take three additional depositions beyond the limited

discovery identified in the Court's Stipulated Order.  First, Plaintiff wants to take the deposition

of Defendant Acosta for the limited purpose of asking about the facts underlying both the

May 19, 2011, incident and the November 8, 2011, incident, and to determine what, if any,

policies and training supported his actions. [Motion at 2.]  Second, Plaintiff wants to take the

deposition of Defendant Mines-Hornbeck for the limited purpose of asking about the facts

underlying the May 19, 2011, incident, and to determine what, if any, policies and training

supported her actions. [Id.]  Third, Plaintiff wants to take the deposition of the "teacher" who

informed Defendant Labarge that a female student had reported witnessing a drug transaction on

school premises. [Id.]  Plaintiff states that "[s]ince the basis for the search is critical in evaluating whether the seizure was reasonable at its inception and whether the search of F.M.'s clothing was reasonable, the unnamed teacher possesses critical information related to the underlying incident." [Id.]

As to the May 19, 2011, incident, Plaintiff argues that determining whether Defendant Mines-Hornbeck "instigated" F.M.'s arrest is necessary to rebut her qualified immunity defense. [Motion at 2.] Plaintiff further argues that determining who "authorized, requested, approved or merely acquiesced in the arrest of F.M. is critical to the determination of the liability of the various parties" and to whether the parties have qualified immunity for the arrest.  [Motion at 2-3.] In addition, Plaintiff argues that the factual basis of F.M.'s arrest is in the hands of Defendants Acosta and Mines-Hornbeck. [Motion at 2.]

As to the November 8, 2011, incident, Plaintiff asserts that because Defendant Labarge referred to an unnamed teacher to justify the search of F.M. "at its inception," the "reasonable grounds for the search rests upon the allegation of an unnamed teacher." [Motion at 4.]  As such, Plaintiff asserts it is "impossible to complete an analysis of qualified immunity without corroboration from the teacher." [Id.]

APS Defendants contend that Plaintiff's Motion should be denied because Plaintiff did not submit an affidavit as required by Fed. R. Civ. P. 56(d). [Response at 2.] Defendants further contends with respect to taking the deposition of Defendant Mines-Hornbeck that even if Defendant Mines-Hornbeck instructed Defendant Acosta to arrest F.M., it would not preclude qualified immunity since (1) as a gym teacher she cannot "authorize" or "approve" an arrest by a police office, and (2) any arrest made by Defendant Acosta was "made based on his own, independent finding of probable cause." [Response at 3.] With respect to taking the deposition of

4

the unnamed "teacher," Defendants argue that Plaintiff has incorrectly assumed that Defendant

Labarge relied upon the statements of the unnamed teacher to justify the search, as opposed to

her own viewing of the surveillance video and subsequent questioning of F.M. [Response at 5,

6.] Defendants further argue that "the deposition of the teacher who prompted Defendant

Labarge to view the surveillance tape is immaterial to the issue of qualified immunity."

[Response at 6.]  Defendants request Plaintiff's Motion for additional discovery regarding

qualified immunity be denied.

## RELEVANT LAW

A.    Rule 56(d)

Under Rule 56(d), if a nonmovant states by affidavit that she cannot present facts

essential to oppose a motion for summary judgment, the Court may, "(1) defer considering the

motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or

(3) issue any other appropriate order."  Fed. R. Civ. P. 56(d); *Price v. Western Resources, Inc.*,

232 F.3d 779, 783 (10th Cir. 2000).  The decision whether to grant a Rule 56(d) motion lies

within the sound discretion of the court.  *Jensen v. Redevelopment Agency*, 998 F.2d 1550, 1553-

54 (10th Cir. 1993). The nonmovant must satisfy several requirements to obtain relief under Rule

56(d).  By affidavit, he must explain: (1) why facts precluding summary judgment are

unavailable; (2) what probable facts he can find through further discovery; (3) what steps he has

taken to obtain such facts; and (4) how additional time will allow him to controvert facts.  *Price*,

232 F.3d at 783 (quoting *Comm. for the First Amendment v. Campbell*, 962 F.2d 1517, 1522

(10th Cir. 1992)).  "A party may not invoke Rule 56[d] by simply stating that discovery is

incomplete but must state with specificity how the additional material will rebut the summary

5

judgment motion." *Garcia v. United States Air Force*, 533 F.3d 1171, 1179 (10th Cir.2008) (quotation omitted).

"The general principle of Rule 56(f) is that summary judgment should be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Price v. Western Resources, Inc*., 232 F.3d 779, 783 (10th Cir.2000) (internal quotation marks omitted). " Rule 56(d) does not require, however, that summary judgment not be entered until discovery is complete." *Trujillo v. Bd. of Educ. of the Albuquerque Pub. Schs*., Nos. 02–1146, 03–1185, 2007 WL 2461629, at *3 (D.N.M. June 5, 2007) (Browning, J.)(citing *Price v. Western Resources., Inc.*, 232 F.3d 779, 784 (10th Cir.2000)).

B.   Qualified Immunity

Qualified immunity recognizes the "need to protect officials who are required to exercise their discretion and the related public interest in encouraging the vigorous exercise of official authority." *Harlow v. Fitzgerald*, 457 U.S. 800, 807, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). "Qualified immunity protects federal and state officials from liability for discretionary functions, and from 'the unwarranted demands customarily imposed upon those defending a long drawn-out lawsuit.'" *Roybal v. City of Albuquerque*, No. 08–0181, 2009 WL 1329834, at *10 (D.N.M. Apr. 28, 2009) (Browning, J.)(quoting *Siegert v. Gilley*, 500 U.S. 226, 232, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991)). "If qualified immunity is to mean anything, it must mean that public employees who are just doing their jobs are generally immune from suit." *Lewis v. Tripp*, 604 F.3d 1221, 1230 (10th Cir.2010).

Qualified immunity shields government officials from liability where "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. at 231, 129 S.Ct. 808 (quoting *Harlow v.*

6

*Fitzgerald*, 457 U.S. at 818, 102 S.Ct. 2727).  When a defendant asserts qualified immunity at summary judgment, the responsibility shifts to the plaintiff to meet a "heavy two-part burden." *Medina v. Cram*, 252 F.3d 1124, 1128 (10th Cir.2001). The plaintiff must demonstrate on the facts alleged: (i) that the defendant's actions violated his or her constitutional or statutory rights; and (ii) that the right was clearly established at the time of the alleged unlawful activity. *See Riggins v. Goodman*, 572 F.3d 1101,1107 (10th Cir.2009).

In evaluating whether a right was clearly established, a district court considers whether the right was sufficiently clear that a reasonable government employee in the defendant's shoes would understand that what he or she did violated that right. *See Casey v. W. Las Vegas Indep. Sch. Dist.*, 473 F.3d 1323, 1327 (10th Cir.2007). A clearly established right is generally defined as a right so thoroughly developed and consistently recognized under the law of the jurisdiction as to be "indisputable" and "unquestioned." *Zweibon v. Mitchell*, 720 F.2d 162, 172–73 (D.C.Cir.1983). "Ordinarily, in order for the law to be clearly established, there must be a Supreme Court or Tenth Circuit decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." *Currier v. Doran*, 242 F.3d 905, 923 (10th Cir.2001). *See Medina v. City & Cnty. of Denver*, 960 F.2d 1493, 1498 (10th Cir.1992).

C.    Qualified Immunity and Discovery

"Qualified immunity protects federal and state officials from liability for discretionary functions, and from 'the unwarranted demands customarily imposed upon those defending a long drawn-out lawsuit.'"   Todd v. Montoya, --- F.Supp.2d ----, 2012 WL 2574809 (D.N.M. June 24, 2012) (quoting *Roybal v. City of Albuquerque*, 2009 WL 1329834, at *10 (D.N.M. April 28, 2009)).  Qualified immunity is "an entitlement not to stand trial or face the other burdens of

7

litigation.*" Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985).

Issues of qualified immunity are best resolved at the "earliest possible stage in litigation."

*Pearson v. Callahan*, 555 U.S. 223, 232, 129 S.Ct. 808, 172 L.Ed.2d 565 (2009) (quoting *Hunter*

*v. Bryant*, 502 U.S. 224, 227, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991) (per curiam)).  The

Supreme Court has suggested that, to avoid unnecessary exposure to burdensome discovery, the

preferred practice is for the government officials to move to dismiss the action based on

qualified immunity before discovery is ordered:

> When a plaintiff files a complaint against a public official alleging a claim that
> requires proof of wrongful motive, the trial court must exercise its discretion in a
> way that protects the substance of the qualified immunity defense. It must exercise
> its discretion so that officials are not subjected to unnecessary and burdensome
> discovery or trial proceedings.

*Crawford–El v. Britton* 523 U.S. 574, 598, 118 S.Ct. 1584, 140 L.Ed.2d 759 (1998). When a

court permits discovery, the Supreme Court has emphasized that "Rule 26 vests the trial judge

with broad discretion to tailor discovery narrowly and to dictate the sequence of discovery."

*Crawford–El v. Britton*, 523 U.S. at 598, 118 S.Ct. 1584. "There are, however, exceptions to the

rule that no discovery be allowed when government officials claim qualified immunity." *Todd v.*

*Montoya*, No. 10–0106, 2011 WL 5238900, at *4 (D.N.M. Oct. 4, 2011)(Browning, J.). The

officials are not protected from all discovery, " 'but only from discovery which is either

avoidable or overly broad.'" *Garrett v. C.A. Stratman*, 254 F.3d 946, 953 (10th Cir.2001)

(quoting *Maxey v. Fulton*, 890 F.2d 279, 282 (10th Cir.1989)).

The Tenth Circuit Court of Appeals has addressed whether to permit limited discovery

for purposes of responding to a motion for qualified immunity.  *See, e.g., Trask v. Franco*, 446

F.3d 1036, 1041-42 (10th Cir. 2006) (district court did not abuse discretion in denying additional

discovery where Rule 56(f)[1] affidavits neither identified any "probable facts not available," nor stated with specificity how the additional material would rebut qualified immunity motion) (citation omitted); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) (if discovery is allowed to respond to a qualified immunity motion, it "must be tailored specifically to the question of [defendant]'s qualified immunity") (citation omitted); *Lewis v. City of Ft. Collins*, 903 Fd.2d 752, 758 (10th Cir. 1990) ("[I]n response to a summary judgment motion based on qualified immunity, a plaintiff's 56[d] affidavit must demonstrate how discovery will enable them to rebut a defendant's showing of objective reasonableness or, stated alternatively, demonstrate a connection between the information he would seek in discovery and the validity of the defendant's qualified immunity assertion") (citations and internal quotations omitted)). The Tenth Circuit further observed that Rule 56(d) discretion "must be limited when a summary judgment motion is based on qualified immunity because insubstantial lawsuits 'against government officials [should] be resolved *prior to discovery and on summary judgment* if possible.'  Liberal application of [R]ule 56[d] should not be allowed to subvert the goals of *Harlow* and its progeny." *Id.* (emphasis in original) (citation omitted).  *See also Jones v. City and County of Denver, Co.*, 854 F.2d 1206, 1211 (10th Cir. 1988) (Rule 56[d] discretion is further restricted in the face of a summary judgment motion based on qualified immunity).

## ANALYSIS

Plaintiff has not complied with the requirements of Rule 56(d), as the Tenth Circuit has held that "a party seeking to defer a ruling on summary judgment under Rule [56(d) ] must provide an affidavit explaining why facts precluding summary judgment cannot be presented."

---

[1]  The operative language of Rule 56(d) was previously found at Rule 56(f), prior to the 2010 amendment to the rules.

*Valley Forge Ins. Co. v. Health Care Mgmt. Partners, Ltd.*, 616 F.3d 1086, 1096 (10th Cir.2010). Here, Plaintiff failed to provide Rule 56(d) affidavits and relies solely on information set out in her Motion.  This is procedural error.  Nevertheless, to avoid the Plaintiff having to resubmit this Motion with a supporting affidavit, the Court will rule on the Motion based on the arguments made by counsel for Plaintiff.

    Plaintiff's motion to take the deposition of Defendant Acosta is denied.  Plaintiff has not demonstrated the specific connection between the information Plaintiff seeks in taking the deposition of Defendant Acosta and how this relates to the qualified immunity defense of the APS Defendants, the subject of the pending Motion for Summary Judgment.  Plaintiff seeks this discovery stating that the factual basis for the arrest of F.M. on May 19, 2011, is "in the hands of Acosta . . . ." [Motion at 2.] The Plaintiff also argues that "Acosta is a material witness to the detention and search of F.M. . . .   His testimony [] is essential to a determination whether there was a reasonable basis to detain F.M." [Motion at 4.]  The discovery requested must be necessary to enable Plaintiff to rebut a showing of objective reasonableness or demonstrate a connection between the information sought and the validity of the APS Defendants' qualified immunity defense.  The Court's Stipulated Order indicates that the parties have already agreed to the production of Defendant Acosta's lapel camera video of the November 8, 2011, incident involving F.M. and any events or conversations on the lapel camera video related thereto.  The facts as asserted in Plaintiff's Complaint and Defendants' Motion for Summary Judgment describe the roles of the APS Defendants during the events that give rise to Plaintiff's Complaint.  Those facts, along with the production of the lapel camera video of the November 8, 2011, incident, are sufficient to give Plaintiff the opportunity to rebut a showing of objective reasonableness in her response to the APS Defendants' Motion for Summary Judgment.

Plaintiff's motion to take the deposition of Defendant Mines-Hornbeck is denied. Plaintiff has not demonstrated the specific connection between the information she seeks in taking the deposition of Defendant Mines-Hornbeck and Defendant Mines-Hornbeck's qualified immunity defense.  Plaintiff seeks this discovery to determine if Defendant Mines-Hornbeck "instigated" F.M.'s arrest.  Plaintiff also wants to know who "authorized, requested, approved or merely acquiesced in the arrest of F.M." because it is "critical to the determination of the liability of the various parties."  To the extent Plaintiff is asserting that Defendant Mines-Hornbeck's conduct was unlawful, Plaintiff must demonstrate that the unlawfulness of the conduct was "apparent" in light of pre-existing law.  The discovery requested, therefore, must be necessary to enable Plaintiff to rebut Defendant Mines-Hornbeck's showing that her conduct was objectively reasonable or to demonstrate a connection between the information sought and the validity of her qualified immunity defense.  The facts as asserted in Plaintiff's Complaint and Defendants' Motion for Summary Judgment  describe Defendant Mines-Hornbeck's role in the May 19, 2011, event that gives rise to Plaintiff's Complaint and are sufficient to enable Plaintiff to respond to the APS Defendants' Motion for Summary Judgment.

Plaintiff's motion to take the deposition of the unnamed teacher is denied.  Plaintiff has not demonstrated the specific connection between the information Plaintiff seeks in taking the deposition of the unnamed teacher and how this relates to the qualified immunity defense of Defendant Labarge.  Plaintiff seeks this discovery arguing that the reporting by the unnamed teacher of the drug transaction is the basis of Defendant Labarge's reasonable grounds "at its inception" to search F.M, therefore making the deposition necessary.  The Court disagrees.  The Court's Stipulated Order indicates that the parties have already agreed to allow the Plaintiff to take the deposition of Defendant Labarge.  The Plaintiff will be able to question Defendant

11

Labarge regarding the "reasonable grounds" supporting her decision to search F.M. on November 8, 2011.  The facts as asserted in Plaintiff's Complaint and Defendants' Motion for Summary Judgment describe Defendant Labarge's role in the November 8, 2011, event that gives rise to Plaintiff's Complaint.  Taking Defendant Labarge's deposition will give Plaintiff the opportunity to establish facts and to rebut a showing of objective reasonableness in her response to the APS Defendants' Motion for Summary Judgment.  The deposition of the unnamed teacher is not necessary.

## CONCLUSION

For the reasons discussed above, Plaintiff's Rule 56(D) Motion for Discovery is DENIED.

**IT IS SO ORDERED.**

_____
**ALAN C. TORGERSON**
**United States Magistrate Judge**